UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JESSE M. NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:12-CR-122-RLJ-1 |
| ) | 2:16-CV-178-RLJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

On June 20, 2016, Petitioner filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his career offender designation in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 287]. Consistent with this Court's Standing Order, Federal Defender Services of Eastern Tennessee ("FDSET") filed a supplement in support of Petitioner's request later that same day [Doc. 290]. Both filings rely on *Pawlak v. United States*—in which the Sixth Circuit cited *Johnson*'s invalidation of the ACCA residual clause as the basis for invalidating Section 4B1.2(a)(2)'s parallel provision, 822 F.3d 902, 911 (6th Cir. 2016) [Doc. 287 pp. 3–8 (suggesting prior Tennessee convictions for aggravated burglary are no longer capable of categorization as a crimes of violence); Doc. 290 pp. 15–27 (challenging use of both aggravated burglary and aggravated assault convictions)].

On August 29, 2016, the United States responded with the suggestion that Petitioner's entitlement to collateral relief depends on whether or not *Johnson*'s impact on the Guidelines has been made retroactively applicable to cases raised in the context of collateral review [Doc. 297 p. 2]. Noting that the Supreme Court has agreed to address this very issue next term in *Beckles v.*

*United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016), the United States requests that the Court stay its resolution of the instant petition pending that decision [*Id.* at 2–3].

In a recent published opinion, the Sixth Circuit recognized that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016). While district courts are generally responsible for deciding, in the first instance, whether "*Pawlak* is a new rule or not," *Id.* at *4, multiple Sixth Circuit opinions have endorsed holding petitions similar to the instant one "in abeyance pending the Supreme Court's decision in *Beckles*," *Id.* at *4; *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *4 (6th Cir. Aug. 12, 2016). The justification for doing so is that, "[a]fter . . . [*Beckles*], the district courts will be well positioned to handle [*Johnson*-based challenges to the Guidelines] fairly and efficiently." *In re Embry*, 2016 WL 4056056, at *4. The propriety of such a stay is further reinforced by the fact that at least two panels from the Sixth Circuit have adopted contrasting predictions for what the *Beckles* decision will hold. *Compare Id.* at *4 ("If pressed to decide the question now, we would lean in favor of saying that *Pawlak* . . . . rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review."), *with In re Patrick*, 2016 WL 4254929, at *3 ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive [in the ACCA context] applies equally to the Guidelines.").

For the reasons discussed, the Court agrees that issuance of a stay is appropriate under the circumstances. Accordingly, United States' request is **GRANTED** and the action [E.D. Tenn. Case No. 2:16-CV-178-RLJ] **STAYED** pending the Supreme Court's decision in *Beckles*. The parties are **DIRECTED** to file a joint status report within thirty (30) days of that decision.

**IT IS SO ORDERED.**

               ENTER:


                s/ Leon Jordan
                United States District Judge